## ARCHBOLD *v.* INDUSTRIAL LAND CO.

1. FRAUDS, STATUTE OF—REAL ESTATE COMMISSION—CORPORATIONS.
   Written memorandum of agreement by corporation, signed by its president and vice-president, to pay real estate broker certain amount for his services in negotiating exchange of land "if this deal is completed," *held*, sufficient to satisfy statute of frauds if executed for and upon authority of corporation (3 Comp. Laws 1929, § 13417 [5]).

2. SAME—SIGNING BY INITIALS SUFFICIENT.
   Signing memorandum of agreement to pay commission to real estate broker by initials only is sufficient to satisfy statute of frauds (3 Comp. Laws 1929, § 13417 [5]).

3. SAME—CORPORATIONS—SIGNATURE OF AGENT.
   Where name of corporation appears in body of instrument, signature of its agent need not further set up corporate name nor fact that he signs as agent of corporation.

4. Judgment—Issue of Fact.

    Where, in action against corporation by broker for commission on exchange of land, respective claims and affidavits in relation to written memorandum of agreement to pay same raised issue of fact for trial, there was error in granting defendant's motion for judgment.

Appeal from Wayne; Campbell (Allan), J. Submitted June 6, 1933. (Docket No. 2, Calendar No. 37,031.) Decided August 29, 1933. Rehearing denied December 6, 1933.

Assumpsit by Harry E. Archbold against Industrial Land Company, a Michigan corporation, and another for real estate brokerage commissions. Judgment for defendants. Plaintiff appeals. Reversed, and remanded.

*Leonard H. Muller,* for plaintiff.

*H. V. Spike* and *John J. Gafill,* for defendants.

FEAD, J. The action is to recover real estate brokerage commission. Summary judgment was denied plaintiff, but was entered for defendants.

Plaintiff negotiated a trade of land between defendant Industrial Land Company and the American Blower Corporation. An instrument was drafted by representatives of the corporations, in form and words a binding contract. It provided:

"The Industrial Land Company agrees to pay H. E. Archbold the sum of $8,575 for his services if this deal is completed."

The instrument was signed: "Approved: J. S. L." "O. K. with me: C. G. B." "O. K. with me: C. T. M." It was so signed by C. G. Bowker and J. S. Lillie, respectively president and vice-president of the Industrial Land Company, and C. T. Morse, vice-

president of the American Blower Corporation. A copy of the instrument was given plaintiff.

The above-quoted clause satisfies the statute of frauds, 3 Comp. Laws 1929, § 13417 (5), as a written promise to pay commission (*Claxton* v. *Margolis,* 248 Mich. 199), if the agreement was executed for and upon authority of defendant corporation. A signature by initials is sufficient. 27 C. J. p. 287. As the name of the corporation appears in the body of the instrument, the signature of its agent need not further set up the corporate name nor the fact that he signs as agent of the corporation. 27 C. J. p. 299; *Johnson* v. *Wolfe,* 223 Mich. 10.

Plaintiff made affidavit, on his personal knowledge, that the signing officers had authority to and executed the instrument in behalf of their respective corporations, and that, at a meeting of the board of directors of defendant company attended by him, Bowker had been expressly authorized thereto. The authority was denied by defendants. The affidavits on the motions for judgment raised issues of fact for trial, particularly upon whether the instrument was executed by authority and on behalf of the respective corporations or was merely a personal memorandum of the negotiating officers.

Judgment reversed, and cause remanded for trial, with costs to plaintiff.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.