BUCKEYE UNION FIRE INSURANCE COMPANY *v.*
STATE OF MICHIGAN.

EMPLOYERS MUTUAL FIRE INSURANCE COMPANY *v.* SAME.

1. Tᴀxᴀᴛɪᴏɴ—Sᴛᴀᴛᴇ Oᴡɴᴇʀsʜɪᴘ Aᴄǫᴜɪʀᴇᴅ ʙʏ Tᴀx Sᴀʟᴇ.
   Full ownership of land which had been bid off to the State for
   unpaid taxes was vested in the State, where the period of
   redemption had passed and the title had been conveyed to
   the State.

2. Tᴏʀᴛs—Sᴛᴀᴛᴇ Lɪᴀʙɪʟɪᴛʏ—Gᴏᴠᴇʀɴᴍᴇɴᴛᴀʟ Iᴍᴍᴜɴɪᴛʏ—Sᴛᴀᴛᴜᴛᴇs.
   Governmental immunity shields the State from liability for
   ordinary torts, except where the legislature has enacted a
   statute abrogating such immunity.

3. Nᴜɪsᴀɴᴄᴇ—Gᴏᴠᴇʀɴᴍᴇɴᴛᴀʟ Iᴍᴍᴜɴɪᴛʏ.
   The maintenance of a nuisance on State land which deprives
   other landowners of the rights of enjoyment of property is
   a taking of land not protected by the State's governmental
   immunity from tort liability.

4. Nᴇɢʟɪɢᴇɴᴄᴇ—Vᴀᴄᴀɴᴛ Bᴜɪʟᴅɪɴɢ—Vᴀɴᴅᴀʟs.
   The State's inaction as owner of a vacated 5-story, fire-prone
   building in permitting vandals access to it, where the State
   had notice of its hazardous condition, *held*, to be negligence,
   where the building caught fire and the fire spread to adjoin-
   ing properties.

5. Sᴀᴍᴇ—Nᴜɪsᴀɴᴄᴇ Dɪsᴛɪɴɢᴜɪsʜᴇᴅ.
   The distinction between nuisance and negligence is that in nui-
   sance there is a taking of enjoyment of property and in
   negligence there is not.

---

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs

[1] 51 Am Jur, Taxation § 1073.
[2, 3–6] 49 Am Jur, States, Territories, and Dependencies § 76; 52
Am Jur, Torts § 100.

6. SAME—STATE LIABILITY—GOVERNMENTAL IMMUNITY.

Judgment for the State, as owner of a building which had been bid off in a tax sale, holding it not liable for fire damage to adjoining property caused when the State's building caught fire, *held,* to be correct, since the State's negligence as owner of the vacated fire-prone building in permitting vandals access to it was not a taking of the enjoyment of property rights of the adjoining landowners, but an ordinary tort for which the State is not liable under doctrine of governmental immunity.

Appeal from Court of Claims, Corkin (Leo W.), J. presiding. Submitted Division 2 January 8, 1968, at Lansing. (Docket Nos. 2,168, 2,227.) Decided September 26, 1968. Leave to appeal granted April 9, 1969. 381 Mich 814.

Claims by Buckeye Union Fire Insurance Company, a corporation, and other insurance companies against the State of Michigan for fire damage. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Kenneth C. Davies* and *Hamilton M. Robichaud,* for plaintiff Buckeye Union Fire Insurance Company.

*Robert B. Tatham,* for plaintiff Employers Mutual Fire Insurance Company.

*Norman L. Zemke,* of counsel, for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Russell A. Searl,* and *Jerome Maslowski,* Assistant Attorneys General, for defendant.

McGREGOR, J. This case presents 3 issues: (1) the nature of state ownership of land after a period

for redemption from a tax sale has expired; (2) the nature of damages suffered by plaintiffs, and (3) the nature and extent of state immunity from tort liability under the law on April 10, 1963.

We adopt in part the statement of fact of the trial court:

"In May, 1961, at [a] tax sale, property known as the Briggs-Meldrum plant, located at 3100 Meldrum, Detroit, Michigan, was bid off in the name of the State of Michigan for unpaid 1958 taxes. At the time of the sale, the Two & Two Corporation, a Michigan corporation, was the record owner of the premises.

"There was no redemption from the sale prior to the first Tuesday in May, 1962, with the result that the title became vested in the State of Michigan, and by tax deed dated June 1, 1962, and recorded August 16, 1962, conveyance to the State was made by the auditor general.

"By resolution adopted by the Detroit common council, October 16, 1962, approved by the mayor October 23, 1962, and notice of which was received by the State October 30, 1962, the city of Detroit requested that the premises in question be withheld from tax sale. Pursuant to this resolution the property was withheld from the tax sales of December, 1962, and April, 1963. On November 30, 1962, the city of Detroit commenced suit in Wayne [county] circuit [court] to foreclose tax liens for the years 1958 and 1959, and judgment for the city was entered on or about May 15, 1963."

Events affecting the ownership of the property subsequent to April 10, 1963, may be ignored. On April 10, 1963, the building in question caught fire and this fire spread to adjoining properties, destroying some completely and destroying others in part. The plaintiffs are insurance companies who stand as subrogees of those insured, who had suffered losses in this fire.

This 5-story brick, reinforced concrete and wood structure caused concern to the Detroit fire department and neighbors as early as 1958. During the period between 1958 and April, 1963, the building fell prey to partial salvage operations, trespassers, vagrants, and vandals. By April 10, 1963, sections of the paint-and oil-soaked wooden flooring were torn up and strewn about, the fire sprinkling system had been removed or rendered inoperable, fire doors had been removed, and great amounts of debris, litter and paper had been strewn about the building.

The State or its agents were not in any way responsible for the starting of the fire. The trial court stated in its opinion that it is a fair inference that the fire was started by trespassers. The State had notice of the condition of the property through reports of the Detroit fire department and reports of its own inspecting agents. The State claims it is immune from any liability resulting from the ownership of the property, as the State was a trustee for the taxing units of government. The State further concludes that in receiving this property it takes it in performance of a governmental function.

"If any parcel of land cannot be sold for taxes, interest and charges, such parcel shall be passed over for the time being and shall, on the succeeding day, or before the close of the sale, be re-offered; and if, on such second offer, or during such sale, the same cannot be sold for the amount aforesaid, the county treasurer or his deputy or deputies shall bid off the same in the name of the state for the state, county and township, in proportion to the taxes, interest and charges due each." CL 1948, § 211.70 (Stat Ann 1960 Rev § 7.115).

"The law in Michigan is clear that the title does not *vest* in the State by virtue of a tax sale until the auditor general has deeded the land to the State after the expiration of the period of redemption."

*State Highway Commissioner* v. *Simmons* (1958), 353 Mich 432, 440.

The period of redemption had passed and the land was conveyed to the State. The State had full ownership of the land, subject to the city's request to withhold from sale, and the holding of the proceeds from its sale of the land for the benefit of the taxing unit. The city's request to withhold is in pursuance of CLS 1961, § 211.131(c) (Stat Ann 1960 Rev § 7.190[1]), which also provides:

"Such withholding * * * shall not affect the right of the state to take possession of such lands and manage and rent the same during the period they are withheld."

The above gives the State immediate right to possession and control of the property.

The State's immunity from tort liability is considered next. The abolition of immunity from governmental tort liability in this State at the time of the fire on April 10, 1963, extended to municipalities. *Williams* v. *City of Detroit* (1961), 364 Mich 231 (opinion of Justice BLACK, pp 270, 271). As to the State's immunity from ordinary tort liability, the Supreme Court has said:

"The judiciary has no right or power to repeal statutes. As said by the attorney general, the legislature has willed that the present defendants be and remain immune from liability for torts such as these plaintiffs have alleged. There they must stand, legally, until the legislature wills to the contrary." *McDowell* v. *State Highway Commissioner* (1961), 365 Mich 268, 271.

The Court in that case was referring to the repeal of a statute permitting State liability.

Plaintiffs allege that a nuisance, the maintenance of a condition on land such as deprives other land-

owners of the rights of enjoyment of property, is not protected by immunity. With this we agree.

"The right of an individual to the occupation and enjoyment of his premises is exclusive, and the public authorities have no more liberty to trespass upon it than has a private individual. If the corporation sends people out with picks and spades to cut a street through it without first acquiring right of way, it is liable for a tort; but it is no more liable under such circumstances than it is when it pours upon his land a flood of water by a public sewer so constructed that the flooding must be a necessary result. The one is no more justifiable, and no more an actionable wrong, than the other. Each is a trespass, and in each instance the city exceeds its lawful jurisdiction. A municipal charter never gives and never could give authority to appropriate the freehold of a citizen without compensation, whether it be done through an actual taking of it for streets and buildings, or by flooding it so as to interfere with the owner's possession. His property right is appropriated in one case as much as in the other." *Ashley* v. *Port Huron* (1877), 35 Mich 296, 301.

The act proximately causing plaintiffs' damage in this case was occasioned not by the State harboring a cancer in the neighborhood, but in permitting vandals and vagrants access to the fire-prone building. Such is an act of negligence. In practice, the distinction between nuisance and negligence is usually quite irrelevant. In this case, however, it is governing. In nuisance, there is a taking of enjoyment of property, whereas in negligence there is not. Unless there is present a statute abrogating State immunity for ordinary torts, not the taking of property, the State remains immune for reasons stated above. We conclude there was no taking of

enjoyment of property in this case, and therefore, State immunity is in effect.

The lower court is therefore affirmed.

LESINSKI, C. J., and CANHAM, J., concurred.