MONTGOMERY REAL ESTATE AND COMPANY v DEPARTMENT
OF NATURAL RESOURCES

1. TAXATION—TAX SALE—REDEMPTION—VESTING OF TITLE—STATUTES.

Absolute title to property bid in to the state at a tax sale vests
upon expiration of the one-year period of redemption rather
than at the time the State Treasurer deeds the land to the
state (MCLA 211.67, 211.67a).

2. TAXATION—TAX SALE—REDEMPTION—STATUTES.

The trial court properly ruled that the statute providing for
conveyance of land where taxes for years subsequent to the
year or years for which the state acquired title have been paid
to any county, township, city or village treasurer after a tax
sale could not be invoked to state a cognizable claim to land
where the plaintiff did not tender payment of delinquent taxes
on the land until after title had vested in the state upon
expiration of the redemption period (MCLA 211.67, 211.131a).

Appeal from Wayne, John M. Wise, J. Submitted
Division 1 March 8, 1973, at Detroit. (Docket No.
14572.) Decided April 26, 1973.

Complaint by Montgomery Real Estate and
Company against the Department of Natural Re-
sources of the State of Michigan and others to
redeem certain property following a tax sale. Sum-
mary judgment for defendants. Plaintiff appeals.
Affirmed.

*Daniel Hodgman,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Jerome Maslow-*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 51 Am Jur, Taxation § 1097.

*ski* and *Charles F. Keeley,* Assistants Attorney General, for defendant State of Michigan.

*Aloysius J. Suchy,* Corporation Counsel, and *William F. Koney,* Assistant Corporation Counsel, for defendant Wayne County Treasurer.

*Michael M. Glusac,* Corporation Counsel, and *Arthur Yim* and *Lawrence Morgan,* Assistants Corporation Counsel, for defendant City of Detroit.

Before: J. H. GILLIS, P. J., and McGREGOR and ADAMS,* JJ.

McGREGOR, J. Plaintiff appeals from a summary dismissal of its application for permission to redeem certain property following a tax sale.

The facts are basically not in dispute. Real estate taxes on the property in question, located in Detroit, were not paid in 1966, and the property was bid in to the state at the tax sale on May 6, 1969. MCLA 211.70; MSA 7.115. Subsequently, on May 8, 1970, the property was conveyed to the plaintiff by the former title holder. Some time between May 8 and May 29, 1970, plaintiff paid taxes for 1966 through 1969, owed to the City of Detroit; during that time, however, the Wayne County treasurer refused to accept payment for the 1966 taxes. On June 3, 1970, the state treasurer deeded the property to the state (MCLA 211.67a; MSA 7.112[1]), and the state thereafter conveyed title to the City of Detroit.

The order granting summary judgment for defendants stated that "plaintiff's declaration did not set up a cause of action for the plaintiff equitably to redeem from the tax foreclosure of the 1969 tax

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

sale". GCR 1963, 117.2(1). The lower court held that the property vested in the state by operation of law one year after the tax sale and could not thereafter be redeemed.

Plaintiff argues on appeal that the trial judge did not properly grant the summary judgment in favor of defendants, on the theory that the property in question became vested in the state one year after the tax sale and could not thereafter be redeemed.

Plaintiff contends that it was entitled to redeem under MCLA 211.131a; MSA 7.189, which reads in pertinent part:

"Sec. 131a. When the title to any lands shall be vested in the state by virtue of any tax sale, if the state treasurer discovers before a contract or deed of the land is executed and delivered, and before such lands have been developed, improved, dedicated for public use, or otherwise disposed of or encumbered by the department of conservation that * * * the taxes of 1 or more years subsequent to the year or years for which the state acquired title have been paid to any county, township, city or village treasurer *prior to the date title vested in the state,* the state treasurer upon certification by the county treasurer of payment of the amount due on the land as delinquent taxes, together with interest and penalties to date, shall so certify to the department of conservation, which is authorized to convey the land described in such certificate to the owner thereof." (Emphasis added.)

The crucial question, argues the plaintiff, is the point at which title became vested in the state, and two cases are cited for the proposition that title does not vest until the state treasurer deeds the land to the state: *State Highway Commissioner v Simmons,* 353 Mich 432 (1958), and *Buckeye Union Fire Insurance Co v State of Michigan,* 13 Mich App 498 (1968), *rev'd on other grounds,* 383

Mich 630 (1970); MCLA 211.67a; MSA 7.112(1). Plaintiff contends that, since the City of Detroit accepted delinquent taxes before being deeded the property by the state, equity should compel the city to reconvey title to the plaintiff. The *Buckeye Insurance* case deals with the type of title, rather than the date of title, and is thus distinguishable.

Plaintiff substitutes the notice attributable to the city for the notice that the state treasurer must have. *Simmons, supra,* and *Buckeye Insurance, supra,* are in conflict with the following statutory language:

"Unless sooner redeemed, upon the expiration of such period of redemption provided for in section 74 of this act, absolute title to the lands so sold and bid in to the state shall vest in the state of Michigan as provided in said decree." MCLA 211.67; MSA 7.112.

"The state treasurer shall within 60 days convey by deed to the state all lands the title to which has become absolute in the state by virtue of court decree and nonredemption within the statutory period." MCLA 211.67a; MSA 7.112(1).

"Any person, city or political subdivision, owning any of the lands sold as aforesaid, or any interest therein, may, at any time before the first Tuesday of May in the year following such sale, redeem any parcel of such lands, or any part or interest in such lands, by showing to the satisfaction of the county treasurer or auditor general that such person, city or political subdivision owns only that part or interest in the same which such person, city or political subdivision proposes to redeem, by paying to the county treasurer or auditor general the amount of the sale of the parcel of land, or the portion thereof wished to be redeemed, and interest thereon at 1 per cent per month or fraction thereof from the first day of the month in which the tax sale opened." MCLA 211.74; MSA 7.120.

This apparent conflict can be explained, if not resolved, by tracing the supposed rule of *Simmons,*

*supra,* and *Buckeye Insurance Co, supra,* to its source.

*Buckeye Insurance* relies solely on *Simmons; Simmons,* in turn, relies on *Darby v Freeman,* 304 Mich 459 (1943), and *Langford v Auditor General,* 325 Mich 585 (1949). Those cases simply do not support the *Simmons-Buckeye Insurance* "rule".

In *Darby v Freeman,* the Court held that title vested absolutely in the state eighteen months after a 1938 tax sale, citing 1929 CL 3467, as amended by 1937 PA 325. That statute was the predecessor of MCLA 211.74; MSA 7.120 and provided for an 18-month (as opposed to one-year) redemption period. In fact, then *Darby v Freeman* supports defendant's contention that the state becomes absolute owner as of the end of the period of redemption.

*Porter v State Land Office Board,* 308 Mich 324, 326 (1944), squarely holds that the state's title vests on the termination of the redemption period:

"The material facts are not in dispute. In pursuance of the general tax law [citations omitted] the lands described in plaintiffs' petition were offered for sale at the annual May, 1940, tax sale for delinquent taxes for the years 1930 to 1935, inclusive, and, there being no other bidders, said lands were sold to the State. As there was no redemption from such sale, the State's title became absolute May 6, 1941, and on June 3, 1941, the auditor general conveyed the lands to the State."

The conclusion is inescapable that *State Highway Commissioner v Simmons, supra,* and *Buckeye Union Fire Insurance Co v State of Michigan, supra,* are superceded by better law, and that MCLA 211.67; MSA 7.112 means what it says— that absolute title to property bid in to the state at a tax sale vests upon expiration of the one-year

period of redemption. Since plaintiff did not tender payment of delinquent taxes until after title had so vested, the trial court properly ruled that MCLA 211.131a; MSA 7.189 could not be invoked so as to state a cognizable claim.

Affirmed.

All concurred.