CITY OF GRAND RAPIDS v GREEN

Docket No. 115834. Submitted June 20, 1990, at Grand Rapids.
Decided January 22, 1991, at 9:40 A.M. Leave to appeal sought.

The City of Grand Rapids and Boot/Wink Enterprises brought an
action in the Kent Circuit Court to quiet title of properties
located at 134 and 136 Smith Court, naming Lucius C. Green,
Sr., Hattie Green, Rhoda McGee, Charles Love and Georgia A.
Love as defendants. A default judgment was entered in favor of
the plaintiffs and against McGee and the Loves. Lucius C.
Green, Jr., and Peter Green, as heirs of Lucius C. Green, Sr.,
and Hattie Green, were added as defendants. After 1972, no
taxes were paid on the properties, and, following a tax sale in
May 1976, the state took title in May 1977. In September 1978,
the City of Grand Rapids obtained title from the state. In 1985,
the city conveyed the property by quitclaim deed to Boot/Wink
Enterprises. The heirs claim an interest in the properties,
arguing that the state never obtained title because various
notices and certain procedures required by the statute had not
been given and followed. Following a bench trial, the court,
George S. Buth, J., found that proper procedures had been
followed, that proper notices had been given, that the defen-
dants had expressed no interest in redeeming the properties
until the action to quiet title had commenced, and that the
plaintiffs were entitled to judgment. The defendants' motion for
a new trial was denied. The defendants appealed.

The Court of Appeals held:

1. An action to quiet title is equitable in nature; accordingly,
findings of fact by a trial court are to be reviewed for clear
error.

2. The trial court did not clearly err in its finding that there
had been proper notice of the tax sale. By statute, the notice of
the tax sale was to be mailed to the last known address of the

REFERENCES

Am Jur 2d, Appeal and Error § 145; Quieting Title and Determina-
tion of Adverse Claims § 48; State and Local Taxation §§ 782, 784,
785, 927, 948, 986, 987.

See the Index to Annotations under Presumptions and Burden of
Proof; Quieting Title; Tax Sales; Tax Deed.

person against whom the delinquent taxes were assessed. Failure to receive the notice did not invalidate the proceeding, and due process did not require that the notice be sent by certified or registered mail. While the physical records relating to the notices of the tax delinquencies and the tax sale were no longer available at the time of the trial, the testimony regarding the standard practices with respect to the sending of those notices was sufficient to support the trial court's finding.

3. The trial court did not clearly err in its finding that there had been compliance with the notice requirement concerning the right to redeem the properties. A notice of the right to redeem was sent to the taxpayer listed in the records, Lucius C. Green, Sr., at his last known address, 134 Smith Court, as required by statute. There was no need to give further notice to Hattie Green under the circumstances.

4. Because the properties were already publicly owned at the time of the filing of the application for the federal urban renewal project which included the subject properties, there was no need to give notice of that project to Lucius Green, Sr., and Hattie Green.

Affirmed.

1. QUIETING TITLE — APPEAL — STANDARD OF REVIEW — CLEAR ERROR.

The factual findings of a trial court in an action to quiet title are to be reviewed for clear error.

2. QUIETING TITLE — EVIDENCE — TAX NOTICES — PHYSICAL EVIDENCE — REGULAR COURSE OF BUSINESS.

A trial court, in an action to quiet title, may find that notices of tax liability, tax delinquency, and tax sale were sent to a delinquent taxpayer where, in the absence of evidence to the contrary, the sole evidence supporting that finding is that regular practices and procedures of the taxing authority were followed.

3. TAXATION — REAL PROPERTY — TAX SALE — NOTICE.

Notice to a taxpayer of a sale of property for delinquent taxes may be made by ordinary mail; notice by certified or registered mail is not required; failure of the taxing authority to otherwise serve or of the taxpayer to receive notice will not invalidate the sale (MCL 211.61a; MSA 7.106).

*Preston Hobson* and *Michael D. McGuire,* Assistant City Attorneys, for the plaintiffs.

*Bernard Schaefer,* for the defendants.

Before: HOOD, P.J., and HOLBROOK, JR., and NEFF, JJ.

NEFF, J. The Kent Circuit Court entered a judgment quieting title to certain properties in favor of plaintiffs, the City of Grand Rapids and Boot/Wink Enterprises, and ordering that title to those properties be vested in plaintiffs free of any interest of defendants Lucius C. Green, Sr., Hattie Green, Rhoda McGee, Charles Love, Georgia A. Love, Lucius C. Green, Jr., and Peter Green. Defendants Lucius C. Green, Jr., and Peter Green appeal as of right. We affirm.

I

Plaintiffs brought this action to quiet title following an October 1985 title search on a conveyance by quitclaim deed from the City of Grand Rapids to Boot/Wink Enterprises. The property quitclaimed to Boot/Wink and relevant to this action included two properties located at 134 and 136 Smith Court. Those properties had been owned by Lucius C. Green, Sr., and Hattie Green, parents of Lucius Green, Jr., and by Rhoda McGee. A house which had been located at 134 Smith Court burned about 1969 while Lucius Green, Sr., and Hattie Green lived there. Following the fire, the Greens moved and lived at several addresses. Lucius Green, Jr., moved in with his parents in 1974. Lucius Green, Sr., died in 1975, and Hattie Green died in 1985.

No taxes were paid on the subject properties after 1972. The properties located at 134 Smith Court and 136 Smith Court were listed separately in the assessment rolls, with Lucius Green, Sr., at 134 Smith Court, listed as the taxpayer of record.

No record of a change of taxpayer or a change of address was evidenced in the tax assessment records. A minimum of seven notices of delinquent taxes were sent, in accordance with standard procedure. Records were no longer available relative to notices returned, if any, by the post office because those records were kept only for seven years. A tax sale was held on May 4, 1976, and the state took title on May 4, 1977. A certified letter was sent to Lucius Green, Sr., in June 1977 regarding the redemption period, also in accordance with standard procedure.

The City of Grand Rapids obtained title to the properties from the state on September 20, 1978. On July 16, 1985, the city conveyed the subject properties by quitclaim deed to Boot/Wink Enterprises. The title insurance company would not insure that Boot/Wink had clear title because it found no evidence that the state had given notice to prior owners of their opportunity to redeem.

In October 1986, plaintiffs filed a complaint to quiet title to certain properties, including 134 and 136 Smith Court, in Boot/Wink Enterprises. On March 27, 1987, a default judgment was entered in favor of plaintiffs and against Rhoda McGee, Charles Love, and Georgia A. Love, or their heirs, devisees, and assigns. Only Lucius C. Green, Sr., and Hattie Green remained as parties defendant.

In July 1987, the parties stipulated and consented to the addition of Lucius C. Green, Jr., and Peter Green as defendants, and the court so ordered. Defendants claimed an interest in the properties which are the subject of this appeal. Defendants denied that the city had obtained title, claiming that notice of the state's taking of the properties had been improperly given and that proper procedures had not been followed.

Following a bench trial, the court found that the

procedures followed by the city, the county, and the state were proper, and that, with the huge volume of records, the regular disposal of old returned notices held by the county treasurer was proper. The court also found that defendants had expressed no interest in redeeming the properties at any time before the initiation of the instant action. The court entered a judgment for plaintiffs and ordered that title to the properties described in the complaint be vested in plaintiffs, free of any interest of defendants.

Defendants moved for a new trial pursuant to MCR 2.611(A)(1)(e), asserting that the decision was contrary to the great weight of the evidence and was contrary to law. After a hearing, the court denied defendants' motion for a new trial.

II

Defendants first claim that the trial court erred in holding that the state was not required to give notice of the tax sale by registered or certified first-class mail, return receipt requested, prior to the tax sale. Our review of the record reveals that the court did not err in its holding regarding notice of the 1976 tax sale. We further note that the trial court did not hold as defendants claim.

Plaintiffs brought this action to quiet title. It has been said that actions to quiet title are equitable in nature and are reviewed de novo by this Court. See, e.g., *Connelly v Buckingham,* 136 Mich App 462, 467; 357 NW2d 70 (1984). However, our Supreme Court recently examined Michigan case law and court rules to determine the meaning of "de novo" review. *Beason v Beason,* 435 Mich 791, 799-801; 460 NW2d 207 (1990). In the context of a divorce action, our Supreme Court in *Beason* concluded that, while the de novo standard continues

to be cited by appellate courts, the review accorded is not truly de novo. *Id.,* pp 801-802. Because appellate courts have consistently and properly given deference to the factual findings of trial courts, and because the "clearly erroneous" standard of review articulated in MCR 2.613(C) and adopted in *Tuttle v State Hwy Dep't,* 397 Mich 44, 46; 243 NW2d 244 (1976), merely restates the standard of review formerly applicable in chancery proceedings, the factual findings of a trial court in a divorce case are to be reviewed for clear error. *Beason, supra,* pp 802, 805. We believe that the same standard of review should be applied to the findings made by the trial court in this case.

Defendants assert improper notice to Lucius Green, Sr., and Hattie Green as a defense against plaintiffs' action to quiet title and argue that the notice given of the tax sale was improper.

In May 1976, when the tax sale was held, notice of the tax sale was required by statute to be mailed to the last known address of the person against whom the delinquent taxes were assessed according to the records of the state treasurer's office. Failure to receive or serve notice does not invalidate the proceedings. *Dow v Michigan,* 396 Mich 192, 196-197; 240 NW2d 450 (1976); MCL 211.61a; MSA 7.106.

The city presented testimony that standard procedures had been followed by both the city and the county in sending out tax bills. Defendants argue that the city presented no actual physical proof that notices had been sent. However, the city assessor testified that returned tax bills were normally kept for one year and then discarded. The assessor further testified that, when this tax sale occurred, the city was doing everything that it could to find the owner of the property when a tax bill was returned. The assistant county treasurer

testified that the treasurer's office usually kept records of returned notices for seven years. In our view, the destruction of physical proof of notice to taxpayers regarding the tax sale or regarding delinquent taxes is not unreasonable, especially considering that the tax sale was held almost thirteen years before trial.

Defendants also argue, pursuant to *Dow,* that a notice of a tax sale by registered or certified first-class mail, return receipt requested, is required and that, without proof of such a notice, the tax sale is defective. Our Supreme Court did not state that a mailed notice of a tax sale must be by registered or certified mail, return receipt requested, or the tax sale procedure was unconstitutional. Instead, the Court stated:

> [I]t would satisfy constitutional requirements if the state were to adopt a procedure providing for (i) ordinary mail notice before sale to the person to whom tax bills have been sent and to "occupant," and (ii) after sale to the state, formal notice to all owners of significant property interests of the constitutionally required opportunity for hearing and redemption. [*Id.,* p 212.]

Here, the court determined that the notice had been sent in accordance with proper procedure. This finding is supported by the testimony of the city and county officials.

The trial court did not err in determining that the city, the county, and the state followed proper procedures in giving notice of the tax sale to defendants.

III

Defendants next claim that the trial court erred when it held that, after sale to the state, formal

notice of a hearing and of redemption need not be given to all owners of a significant property interest. Again, we note that the trial court did not so hold. The trial court did not err in its holding regarding the notice given of the hearing and redemption.

Defendants assert that they have interests in the properties descending from Lucius Green, Sr., and Hattie Green, by intestacy, because, due to ineffective notice, the elder Greens' interests were not effectively destroyed. Defendants sought a judgment against plaintiffs and an order from the court that title in the subject properties be vested in them free and clear of any interest of plaintiffs.

Unless property is redeemed when the redemption period expires, absolute title to any land sold to the state vests in the state. MCL 211.67; MSA 7.112 and MCL 211.67a(1); MSA 7.112(1)(1). See also *Montgomery Real Estate & Co v Dep't of Natural Resources,* 46 Mich App 696, 700-701; 208 NW2d 617 (1973). The state becomes the owner free and clear, and a new chain of title is started. *Lowrie & Webb Lumber Co v Ferguson,* 312 Mich 331, 333; 20 NW2d 209 (1945). However, improper notice might invalidate the proceedings. See *Dow, supra,* pp 206-207.

Defendants claim that notice was ineffective against one party in interest, Hattie Green, and that the city, the county, and the state did not use reasonable means to inform her of redemption as required by law. We disagree.

The county treasurer testified that a notice is sent by certified mail to the taxpayer of record 120 days before the expiration of the redemption period and that private persons must do a title search and notify all owners of record, but that the state is not required to do so if the state equalized valuation of the property is less than

$1,000. These procedures were consistent with the law in effect in 1977, at the end of the redemption period. See §§ 73c and 131e of the General Property Tax Act, as amended by 1976 PA 292, MCL 211.73c, 211.131e; MSA 7.119(2), 7.190(3).

Defendants argue that *Dow* mandates that notice be given to Hattie and that there was no evidence that such notice was given. Defendants are mistaken. Following the decision in *Dow,* the Legislature amended the general property tax law and, among the changes made, added 1976 PA 292, § 131e. Under that provision, notice to each owner of a significant interest in property need not be recorded with the register of deeds if the property's valuation is less than $1,000. The state equalized valuation of 134 Smith Court was $700, and that of 136 Smith Court was $300.

1976 PA 292, § 73c also applies to this case. It mandates that notice be given to each person recorded in the records of the county treasurer as having an interest in the land. The county treasurer's records are derived from the assessment rolls. The assessment rolls listed Lucius Green of 134 Smith Court as the taxpayer of record.

The trial court found that the procedures used by the city, the county, and the state were proper, that there was compliance with the requirements of due process, and that reasonable notice under the law had been given. The court further found that defendants had not apprised the authorities of their address changes and had evidenced no interest in redeeming the properties until plaintiffs filed this action to quiet title. The trial court's findings are not clearly erroneous.

IV

Defendants' final claim is that the trial court

erred in finding that there was compliance with federal requirements for acquisition of the properties as part of the Campau Commons II Urban Renewal Area. Once again, we note that the trial court did not so find. The trial court found that the procedures used by the city, the county, and the state were proper.

Defendants argue that 42 USC 4601 *et seq.*, and the federal regulations promulgated thereunder were not complied with by the city, because notice of the city's intent to acquire the properties was not given to Lucius Green, Sr., and Hattie Green, as required under 24 CFR 42 *et seq.* Defendants also argue that the city deferred giving any notice of intent to acquire the subject properties so as to avoid paying a fair price for the properties. They further claim that the city waited until the properties had reverted to the state, so that defendants would not exercise their right to redeem the properties.

No notice of intent to acquire the properties was sent to the owners because those properties were publicly owned when notices were sent in 1978. This was proper. Defendants have not shown that the city was required to notify Lucius and Hattie Green of its intent to acquire the subject properties before 1978, the time when all notices went out. The tax sale for the tax delinquency of the subject properties was held on May 4, 1976. This was a month before even the submission of the application for the project to the federal government, which defendants allege in their brief was on June 10, 1976. The urban development project was approved some time in 1977. Notices were not sent until 1978. The subject properties had reverted to the state on May 5, 1976, from the tax delinquency sale. In 1977, the redemption period

had passed, and title vested in the state. In 1978, the state conveyed the properties by quitclaim deed to the city.

Affirmed.