THOMAS v MICHIGAN MUTUAL INSURANCE COMPANY

Docket No. 71508. Submitted December 13, 1983, at Grand Rapids.—
Decided April 23, 1984.

Plaintiff, Thomas N. Thomas, was injured while in the course of his employment. He sought no-fault work-loss benefits from defendant, Michigan Mutual Insurance Company, which was his employer's insurer. Defendant offered to settle and, through counsel, plaintiff indicated his acceptance of the offer. Several days thereafter, plaintiff's counsel notified defendant that plaintiff had had a "change of heart" and wished to revoke his acceptance of the settlement offer. Defendant moved for a summary judgment granting specific performance of the settlement agreement. The Kent Circuit Court, George R. Cook, J., granted the motion, and plaintiff appealed. *Held:*

1. Plaintiff's acceptance was effective to form a contract. His attempted revocation was not effective under the circumstances present in this case.

2. Plaintiff's claim that he retained the option of breaking the contract up until the time it was entered in the court record is without merit.

3. The court properly granted specific performance.

Affirmed.

CONTRACTS — OFFER AND ACCEPTANCE — INSURANCE — REVOCATION
OF ACCEPTANCE.

A plaintiff's attempted revocation of his acceptance of an insurer's offer to settle a claim was not effective where the plaintiff alleged no fraud, duress or misrepresentation on the part of the insurer and where the evidence clearly indicates that the plaintiff intended to accept the offer but later had a "change of heart".

*Ripple, Chambers & Steiner, P.C.* (by *Martin R. Sturm),* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTE
15A Am Jur 2d, Compromise and Settlement § 7 *et seq.*
17 Am Jur 2d, Contracts § 41.
44 Am Jur 2d, Insurance §§ 1676, 1677.

*Baxter & Hammond* (by *Robert S. Lipak* and *William M. Bremer),* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and BRONSON and R. L. TAHVONEN,* JJ.

PER CURIAM. Plaintiff was employed as an unskilled worker by defendant's insured, Rooks Transit Lines, Inc. His job was described as "dock work, unloading freight". On March 17, 1981, plaintiff was injured while working. He was able to work no more than two hours on the following day. He was sent to see a physician who took x-rays of his back and informed plaintiff that there was a "pulled strain in the back, low back area". through an unrelated decision by the employer, all of the employer's workers were permanently laid off on March 27, 1981. Plaintiff continued to suffer back pain and neck stiffness thereafter.

On November 9, 1981, plaintiff filed to collect no-fault insurance benefits from defendant, the insurer of Rooks. This claim was brought pursuant to MCL 500.3107(b); MSA 24.13107(b). On December 3, 1981, defendant's adjuster, one Bruce Probst, contacted plaintiff's counsel. Probst offered to settle the claim for $664. Counsel informed the plaintiff of the offer to settle and plaintiff told counsel to accept the settlement. On December 29, 1981, counsel contacted defendant's adjuster and told him that plaintiff agreed to accept the settlement. Defendant's adjuster told plaintiff's counsel to have plaintiff sign a voluntary dismissal and mail it to his attention, whereupon he would issue a check for the agreed-upon amount. On January 27, 1981, plaintiff's counsel sent a letter to defendant which reads, in part:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"Please be advised that my client has contacted me and indicated that he has had a change of heart with regard to accepting your settlement offer on his no-fault claim. As such, please treat this letter as a revocation of our acceptance of your previous offer."

In April of 1983 defendant obtained summary judgment granting specific performance of the settlement agreement. This motion was granted on April 15, 1983, when the court ruled:

"*The Court:* I am going to find that there was acceptance. He simply can't 'change his mind'. Therefore, the motion for summary judgment is granted. Thank you both."

Plaintiff appeals from the grant of summary judgment, raising three issues.

The first issue raised on appeal is whether there was an enforceable contract between the plaintiff and defendant. Our review of the record reveals that acceptance did occur.

In the case at bar, defendant offered to settle the suit by paying $664. Plaintiff accepted that offer. In consideration for the $664, plaintiff was to sign a dismissal. Plaintiff later attempted to revoke his acceptance. Plaintiff provides no explanation except that when he accepted he needed the money and later he did not need it quite so badly. No fraud, duress or misrepresentation by defendant are alleged. We hold that plaintiff's acceptance was absolute and unconditional.

Reasonable persons could not dispute that acceptance occurred in the case at bar. Giving the benefit of every reasonable doubt to plaintiff, the vast preponderance of the evidence supports defendant's position. Plaintiff's letter, purporting to revoke acceptance, as well as plaintiff's explanation that he accepted the offer because he needed

money at the time the offer was made, leads to the inescapable conclusion that plaintiff *intended* to accept defendant's offer and only later had a "change of heart". Moreover, plaintiff's objective behavior, telling his attorney to contact defendant to accept the offered $664, leads us to the conclusion that an acceptance did occur. *Banque de Depots v National Bank of Detroit,* 491 F2d 753 (CA 6, 1974). We hold that the trial court properly granted summary judgment to defendant. *Pauley v Hall,* 124 Mich App 255, 262; 335 NW2d 197 (1983); *Miller v Foster,* 122 Mich App 244, 248; 332 NW2d 454 (1982).

Secondly, plaintiff contends that, even if a binding contractual obligation did exist, plaintiff retains the option of breaching the contract up until the time it is entered upon the court record. This claim is without merit. See *Ortiz v Travelers Ins Co,* 2 Mich App 548; 140 NW2d 791 (1966).

Finally, plaintiff claims the trial court committed error in granting defendant specific performance. This claim is without merit. Defendant correctly analyzes the statutory provision cited by plaintiff, MCL 500.3148(2); MSA 28.13148(2), and demonstrates that plaintiff's reliance on same is misplaced. See 15A Am Jur 2d, Compromise and Settlement, §§ 35-37, pp 808-811. See also *Gregory v Hamilton,* 77 Cal App 3d 213; 142 Cal Rptr 563 (1978); *Greyhound Lines, Inc v Superior Court for City & County of San Francisco,* 98 Cal App 3d 604; 159 Cal Rptr 657 (1979); Anno: 94 ALR2d 504. *Cf. Ortiz, supra.*

Affirmed.