ROSSI v TRANSAMERICA CAR LEASING COMPANY

Docket No. 73205. Submitted May 16, 1984, at Detroit.—Decided
November 7, 1984.

Plaintiffs, Maryann Rossi, individually and as next friend of Gina
Rossi, and Norman Rossi, individually, brought an action in the
Oakland Circuit Court seeking damages for injuries received by
Gina Rossi in an automobile accident. Named as defendants
were Transamerica Car Leasing Company, Transamerica Title
Insurance Company, Louis Magallanes, and the car's driver,
Michael G. Magallanes. An oral settlement agreement was
thereafter allegedly reached by the attorneys for the respective
parties. Defendants thereafter brought a motion for enforce-
ment of the compromise and settlement agreement or, in the
alternative, for an evidentiary hearing to determine whether a
valid and enforceable settlement had occurred. The trial court,
Fred M. Mester, J., granted defendants' motion for enforcement
of the compromise and settlement agreement and entered an
order accordingly. Plaintiffs appeal. *Held:*

1. Plaintiffs' arguments are without merit because they
merely rely on a claimed unilateral misunderstanding of the
meaning and effect of the settlement. It was unnecessary for
the circuit court to allow plaintiffs an opportunity to produce
evidence to support their claim of unilateral misunderstanding.
The circuit court did not err by enforcing the oral settlement
agreement.

2. The court rule requiring such agreements to be in writing
or to be made in open court in order to be binding is not
applicable here. The court rule pertains to agreements which
are denied by either party and here the parties have not denied
that their attorneys made the agreement at issue.

Affirmed.

M J. KELLY, P.J., dissented. He views the plaintiffs as con-

REFERENCES FOR POINTS IN HEADNOTES
[1] 15A Am Jur 2d, Compromise and Settlement §§ 5, 27 *et seq.*
[2, 4] 15A Am Jur 2d, Compromise and Settlement § 10.
[3] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[5] 7 Am Jur 2d, Attorneys at Law § 156.
Authority of attorney to compromise action. 30 ALR2d 944.

tending that a settlement was never reached and would rely upon the court rule requiring such agreements to be in writing. He would hold that there was no enforceable settlement binding the parties in this case. He noted his belief that attorneys cannot make binding agreements for litigants unless there is a meeting of the minds between the two. While noting that there is no dispute that the attorneys made the agreement, he noted that the plaintiffs denied that they agreed to it. He would reverse.

OPINION OF THE COURT

1. ACTIONS — SETTLEMENT AGREEMENTS — CONTRACTS.

A settlement agreement is a contract governed by the principles of law applicable to contracts generally; settlements are favored by the law and will not be interfered with in the absence of fraud or mutual mistake, and then only when the party who seeks to rescind returns to the other party what he has received by virtue of the settlement; it is to be presumed that the parties consult their own interest in making a settlement and a settlement will not be set aside because one of the parties did not understand it or its legal effect.

2. ACTIONS — SETTLEMENT AGREEMENTS — EVIDENCE — WRITTEN EVIDENCE — COURT RULES.

No private agreement or consent between the parties to a cause, or their attorneys, respecting the proceedings in the cause of action which is denied by either party, is binding, unless the same has been made in open court, or unless evidence thereof is in writing subscribed by the party or his attorney against whom the same is alleged (GCR 1963, 507.9).

DISSENT BY M. J. KELLY, P.J.

3. APPEAL — PRESERVING QUESTION.

*The Court of Appeals may consider issues not preserved for appeal where the error alleged to have occurred is fundamental or apparent.*

4. ACTIONS — SETTLEMENT AGREEMENTS — EVIDENCE — WRITTEN EVIDENCE — COURT RULES.

*An agreement between the parties to a cause is not binding unless it is in writing subscribed by the party against whom the agreement is asserted or that party's attorney or unless the agreement has been made in open court (GCR 1963, 507.9).*

5. ATTORNEY AND CLIENT — SCOPE OF AUTHORITY — CONTRACTS.

*Attorneys cannot make binding agreements for litigants unless there is a meeting of the minds between the two.*

*Zeff & Zeff, P.C.* (by *Carol A. McNeilage*), for plaintiffs.

*Denenberg, Tuffley, Thorpe, Bocan & Patrick* (by *John L. Hopkins, Jr.*, and *John A. Lawson*), for Transamerica Car Leasing Company, Transamerica Title Insurance Company and Louis Magallanes.

*Buesser, Buesser, Snyder & Blank* (by *Ronald F. Graham*), for Michael Magallanes.

Before: M. J. KELLY, P.J., and BRONSON and C. W. SIMON* JJ.

PER CURIAM. Plaintiffs appeal as of right from a circuit court order enforcing an oral settlement agreement. A settlement agreement is a contract governed by the principles of law applicable to contracts generally. *Mastaw v Naiukow,* 105 Mich App 25, 28; 306 NW2d 378 (1981). In *Booth Fisheries Co v Alpena Circuit Judge,* 170 Mich 611, 615-616; 135 NW 1063 (1912), the Court explained:

"Settlements of disputed matters and compromises of unsettled claims are favored by the law, and it will be presumed that parties consult their own interests in making them. Usually they will not be interfered with in the absence of fraud or mutual mistake, and then only when the party who seeks to rescind returns to the other party what he has received by virtue of the settlement. * * * Nor will such settlement be set aside because one of the parties did not understand it or its legal effect." (Citations omitted.)

Accord, *Streeter v Michigan Consolidated Gas Co,* 340 Mich 510, 517-518; 65 NW2d 760 (1954); *Smith, Hinchman & Grylls Associates, Inc v*

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

*Wayne County Board of Road Comm'rs,* 59 Mich App 117, 122; 229 NW2d 338 (1975).

Plaintiffs do not contend that their attorney did not have both apparent and actual authority to enter into a settlement agreement or that their attorney did not actually agree to the oral settlement at issue. Instead, plaintiffs state their position as follows:

"The actual value of the proposed structured settlement was not explained to Appellants by their counsel, and when Appellants discovered the true value of the settlement, they realized it was inequitable and rejected it."

Because plaintiffs merely rely on a claimed unilateral misunderstanding of the meaning and effect of the settlement, plaintiffs' arguments are without merit. It was therefore unnecessary for the circuit court to allow plaintiffs an opportunity to produce evidence to support their claim of unilateral misunderstanding, and the circuit court did not err by enforcing the oral settlement agreement.

The dissent's reliance on GCR 1963, 507.9 is misplaced. That subrule provides:

"Agreements To Be in Writing. No private agreement or consent between the parties to a cause, or their attorneys respecting the proceedings in a cause *which is denied by either party,* is binding, unless the same has been made in open court, or unless evidence thereof is in writing subscribed by the party or his attorney against whom the same is alleged." (Emphasis added.)

Plaintiffs have not denied either in circuit court or on appeal that their attorney made the agreement at issue.

Affirmed.

M. J. KELLY, P.J. *(dissenting)*. I respectfully dissent. I believe that there is no enforceable settlement binding the parties in this case. While plaintiffs did not specifically argue at trial that a settlement was never reached, such a posture can be deduced from their argument that, inasmuch as there was no meeting of the minds, there was no contract. In any event, we will consider issues not preserved for appeal where the error is fundamental or apparent. *Kline v Kline,* 92 Mich App 62, 74; 284 NW2d 488 (1979).

I agree with the majority that an agreement to settle pending litigation is a contract which is governed by the principles generally applicable to the interpretation and construction of contracts and that settlements will not be set aside in the absence of fraud or mutual mistake. However, before determining whether a settlement can be set aside, it must be determined whether a settlement exists. "GCR 1963, 507.9, * * * indicates that agreements are not binding unless in writing subscribed by the party against whom the agreement is asserted or that party's attorney or unless the agreement has been made in open court." (Emphasis omitted.) *Scholnick's Importers-Clothiers, Inc v Lent,* 130 Mich App 104, 109; 343 NW2d 249 (1983). Generally, cases addressing the issue of whether a settlement can be set aside involve settlement agreements evidenced by a stipulation incorporating the agreement, *Smith, Hinchman & Grylls Associates, Inc v Wayne County Board of Road Commr's,* 59 Mich App 117; 229 NW2d 338 (1975), or attorney agreements in open court, *Jackson v Wayne Circuit Judge,* 341 Mich 55; 67 NW2d 471 (1954); *Collins v Searight-Downs Mfg Co,* 245

Mich 41; 222 NW 84 (1928); *Pedder v Kalish,* 26 Mich App 655; 182 NW2d 739 (1970).[1]

In the instant case, the negotiations which gave rise to the purported settlement involved oral communications between the respective parties' attorneys. There was no stipulation, no writing, and no acknowledgment made in open court evidencing the contents of the alleged agreement. In fact, in defendants' "Motion for Enforcement of Compromise and Settlement Agreement", defendant sought in the alternative "an evidentiary hearing to determine whether a valid and enforceable settlement of this matter has occurred". I conclude that there was no settlement agreement entered into between the plaintiffs and the defendants in this case.

The majority simply writes GCR 1963, 507.9 out of existence.[2] Even if the attorneys booted it and the trial court compounded the error, the ramifications are too foreboding to allow such a ruling.

I would reverse.

---

[1] The recesses of my faltering memory of settlement negotiations with clients and opposing counsel cause involuntary repulsion at declaring the oral negotiations a final enforceable settlement. Egad! Will this inspire a new frontier for litigating liability and malpractice claims over who said what to whom and when? I shudder.

[2] The majority says that my reliance on GCR 1963, 507.9 is misplaced because "[p]laintiffs have not denied either in circuit court or on appeal that their attorney made the agreement at issue". Attorneys can't make binding agreements for litigants unless there is a meeting of the minds between the two. Appellants say that there was no meeting of the minds and that they rejected the settlement when they discovered its value. They don't deny that the attorney went through the motions, but they surely deny that they agreed, therefore, *quando aliquid prohibetur, prohibetur et omne per quod devenitur ad illud.*