ROSSI v TRANSAMERICA CAR LEASING COMPANY (ON
REHEARING)

Docket No. 73205. Submitted May 16, 1984, at Detroit.—Decided
November 7, 1984. Opinion on rehearing filed March 18, 1985.

The facts in this case are set forth at 138 Mich App 807 (1984).
The Oakland Circuit Court, Fred M. Mester, J., had granted a
motion for enforcement of an oral settlement agreement
reached by the parties' attorneys. The plaintiffs appealed,
alleging that no valid agreement had been reached. The Court
of Appeals affirmed, and plaintiffs sought rehearing, which was
granted. On rehearing, *held:*

There was no binding agreement between the parties. Plain-
tiffs have consistently denied the existence of an agreement,
and there was no writing, stipulation, or acknowledgment made
in open court. Under the circumstances, GCR 1963, 507.9
precludes enforcement of the alleged agreement.

Reversed.

C. W. SIMON, J., would affirm. He would hold that plaintiffs
did not deny the existence of an agreement but that they
merely relied upon a claimed unilateral misunderstanding of
the meaning and effect of the settlement, and that the court
rule applies only to cases wherein a party denies the existence
of an agreement.

OPINION OF THE COURT

1. COMPROMISE AND SETTLEMENT — ORAL AGREEMENTS — COURT
RULES.
An alleged oral settlement agreement reached between the par-
ties' attorneys may not be enforced where one of the parties
has denied the existence of an agreement on the ground that
there was no meeting of the minds and where there was no
writing, no stipulation, and no acknowledgment made in open
court; in such circumstances there was no binding agreement
(GCR 1963, 507.9).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 15A Am Jur 2d, Compromise and Settlement §§ 7, 10, 37, 41.
[2] 15A Am Jur 2d, Compromise and Settlement § 34.

Dɪssᴇɴᴛ ʙʏ C. W. Sɪᴍᴏɴ, J.

2. Cᴏᴍᴘʀᴏᴍɪsᴇ ᴀɴᴅ Sᴇᴛᴛʟᴇᴍᴇɴᴛ — Oʀᴀʟ Aɢʀᴇᴇᴍᴇɴᴛs.

*A trial court may enforce an oral settlement agreement entered into between the parties' attorneys where a party does not deny the existence of the agreement but merely relies upon a claimed unilateral misunderstanding of the meaning and effect of the settlement in attempting to avoid enforcement of the agreement.*

*Zeff, Zeff & Materna* (by *A. Robert Zeff*), for plaintiffs.

*Denenberg, Tuffley, Thorpe, Bocan & Patrick* (by *John L. Hopkins, Jr.,* and *John A. Lawson*), for Transamerica Car Leasing Company and Transamerica Title Insurance Company.

*Buesser, Buesser, Snyder & Blank* (by *Ronald F. Graham*), for Michael G. Magallanes.

Before: M. J. Kᴇʟʟʏ, P.J., and Bʀᴏɴsᴏɴ and C. W. Sɪᴍᴏɴ,* JJ.

M. J. Kᴇʟʟʏ, P.J. Plaintiffs appealed as of right from an order of the circuit court enforcing a purported oral settlement agreement. On November 7, 1984, we affirmed in a published per curiam opinion. 138 Mich App 807; 360 NW2d 307 (1984) (Kᴇʟʟʏ, J., dissenting). Plaintiffs then filed an application for rehearing which we granted by order of January 30, 1985.

Upon reconsideration of the record and briefs, we reverse the trial court's order for the reasons stated earlier by Judge Kᴇʟʟʏ in his dissenting opinion. Plaintiffs in this case have consistently denied the existence of a binding settlement agreement on the ground that there was no meeting of the minds. We thus distinguish the instant case

* Circuit judge, sitting on the Court of Appeals by assignment.

from the recent decision of this Court in *Thomas v Michigan Mutual Ins Co,* 138 Mich App 117; 358 NW2d 902 (1984), in which one of the members of this panel participated. Plaintiff in *Thomas* never denied the existence of a settlement agreement but expressly sought to revoke the offer to accept. Because we find that the parties in this case never entered into a binding settlement agreement, the trial court erred in equating oral communications between the parties' attorneys to a binding settlement agreement, contrary to GCR 1963, 507.9.

Reversed.

BRONSON, J., concurred.

C. W. SIMON, J., *(dissenting).* I respectfully dissent for the reasons stated in the original per curiam opinion for affirmance, 138 Mich App 807; 360 NW2d 307 (1984). Here, as in *Thomas v Michigan Mutual Ins Co,* 138 Mich App 117; 358 NW2d 902 (1984), appellants never denied entering into an oral settlement agreement. I would affirm.