METROPOLITAN LIFE INSURANCE COMPANY v GOOLSBY

Docket No. 91247. Submitted November 3, 1987, at Lansing. Decided December 9, 1987.

Metropolitan Life Insurance Company filed an interpleader action in Genesee Circuit Court to determine which of two factions of Jessie Goolsby's family is entitled to the proceeds of his life insurance policy. One faction (appellants) consists of Jessie Goolsby's second wife, Dorothy Goolsby, who divorced Jessie Goolsby prior to his death, and the children of that marriage. The other faction (appellees) are the first wife of Jessie Goolsby and their adult children. Both factions, as well as the personal representative of the estate of Jessie Goolsby, filed for benefits under the life insurance policy. Metropolitan then filed this suit. Settlement negotiations allegedly resulted in appellees' making an offer which appellant Dorothy Goolsby authorized her attorney to accept and which was accepted by the attorney. Dorothy Goolsby later changed her mind and sought to disavow the settlement agreement. Appellees sought specific performance of the settlement agreement. The court, Earl E. Borradaile, J., ruled in favor of appellees, finding that settlement agreements should not normally be set aside and that once a settlement agreement is reached a party cannot disavow it merely because he has had a change of heart. Appellants appealed.

The Court of Appeals *held:*

The alleged settlement offer and acceptance were not made in open court and there is no writing subscribed by appellants or their attorney as required by the court rules. The alleged oral settlement agreement is unenforceable.

Reversed and remanded.

COMPROMISE AND SETTLEMENT — CONSENT AGREEMENTS — COURT RULES.

An agreement or consent between the parties or their attorneys respecting the proceedings in an action, subsequently denied by

REFERENCES

Am Jur 2d, Compromise and Settlement § 7.

Authority of attorney to compromise action. 30 ALR2d 944.

either party, is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney (MCR 2.507[H]).

*C. Frederick Robinson,* for appellants.

*Gottlieb Law Offices, P.C.* (by *Norman N. Gottlieb*), for appellees.

Before: CYNAR, P.J., and SAWYER and J. A. GILLIS,* JJ.

PER CURIAM. This is an interpleader action brought by plaintiff to determine the appropriate distribution of the proceeds of a life insurance policy issued by plaintiff on the life of the deceased. The defendants represent two factions of the deceased's family. Appellants are the deceased's second wife, Dorothy Goolsby, who was divorced from the deceased prior to his death, and the children of that marriage. Appellees, other than the personal representative, are the deceased's first wife, Mildred Goolsby, and the adult children of that marriage. It appears that the first marriage may have been a common-law marriage, while the second marriage was solemnized in a civil ceremony.

Since both the deceased's first and second families, as well as the personal representative of the estate, filed for benefits under the life insurance policy, the instant action was commenced by plaintiff. Settlement negotiations were held at various times, allegedly resulting in an agreement between the parties' attorneys in January, 1986. Therefore, appellees sought specific performance of the settlement.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

The trial court granted specific performance, finding that appellant Dorothy Goolsby had instructed her attorney to accept the settlement offer and that her attorney communicated that acceptance to appellees' attorney. Appellants now appeal and we reverse.

The trial court correctly recognized that settlement agreements should not normally be set aside and that once a settlement agreement is reached a party cannot disavow it merely because he has had "a change of heart." See *Thomas v Michigan Mutual Ins Co,* 138 Mich App 117; 358 NW2d 902 (1984). We have no difficulty in accepting the trial court's factual conclusion that appellees made an offer which appellant Dorothy Goolsby authorized her attorney to accept and which was accepted by her attorney. Dorothy Goolsby's later "change of heart" would normally be insufficient to justify the setting aside of the settlement agreement.

However, our analysis does not hinge on whether there was sufficient reason to disavow the settlement agreement. Rather, a court rule controls here, namely, MCR 2.507(H), which provides as follows:

> An agreement or consent between the parties or their attorneys respecting the proceedings in an action, subsequently denied by either party, is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney.

This rule applies to settlement agreements. *Rossi v Transamerica Car Leasing Co (On Rehearing),* 141 Mich App 403; 368 NW2d 880 (1984); *Gojcaj v Moser,* 140 Mich App 828; 366 NW2d 54 (1985). In the case at bar, the settlement offer and acceptance were not made in open court. Therefore, to

be enforceable there must a writing subscribed by appellants or their attorney. No such writing exists; therefore, the alleged oral settlement agreement is unenforceable.[1]

In light of our disposition of the above issue, appellants' remaining issue need not be discussed.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs.

[1] Appellees' reliance on *Thomas, supra,* is misplaced. In *Thomas,* the parties never denied the existence of the settlement agreement, but merely attempted to revoke the acceptance of the settlement agreement. See *Rossi, supra* at 404-405. In the case at bar, appellants deny that their acceptance was unconditional. Rather, they maintain that the acceptance was conditional and that the conditions were never met. Since appellants deny the existence of an accepted settlement offer, the provisions of MCR 2.507(H) preclude the enforcement of the offer.