RIVKIN v RIVKIN

Docket No. 111090. Submitted August 3, 1989, at Lansing. Decided September 14, 1989.

Marvin Herbert Rivkin brought an action in Oakland Circuit Court seeking a divorce from Betty Jean Rivkin. The matter was submitted to mediation pursuant to MCR 3.211. An apparent settlement was reached, and a written settlement agreement was prepared. However, defendant refused to sign the agreement. Plaintiff brought a motion for entry of the agreement as the judgment. The trial court, James S. Thorburn, J., granted the motion and denied defendant's subsequent motion to set aside the judgment. Defendant appealed.

The Court of Appeals *held:*

1. Before a settlement agreement reached in mediation of a domestic relations case can be entered as the judgment in the case, MCR 3.211(G)(7) in part requires the settlement agreement to be reduced to writing, signed by the parties and their attorneys, and acknowledged by the parties. Here, the settlement agreement, not having been signed by defendant, cannot be entered as the judgment in the case.

2. The record does not indicate any settlement agreement made in open court or any writing signed by defendant or her attorney which could be viewed as an enforceable settlement agreement under MCR 2.507(H).

Reversed and remanded for further proceedings.

DIVORCE — MEDIATION — SETTLEMENT AGREEMENTS — COURT RULES.

A written settlement agreement prepared after mediation of a divorce action cannot be entered as the judgment in the case where one of the parties refuses to sign the written agreement (MCR 3.211[G][7]).

*Howard N. Weiner,* for plaintiff.

REFERENCES

Am Jur 2d, Alternate Dispute Resolution §§ 22, 29; Divorce and Separation §§ 421, 819, 820.

See the Index to Annotations under Alternate Dispute Resolution; Compromise and Settlement; Divorce and Separation.

*Victor, Robbins & Bassett* (by *Scott Bassett*), for defendant.

Before: HOOD, P.J., and CAVANAGH and J. W. FITZGERALD,* JJ.

PER CURIAM. Defendant appeals as of right from a judgment of divorce entered · in the Oakland Circuit Court and that court's denial of her motion to set aside the judgment. We reverse.

This divorce action was mediated pursuant to MCR 3.211 apparently solely regarding issues of property settlement. It is clear from the record that following the mediation, the mediator, counsel for plaintiff and counsel for defendant all believed that a settlement had been reached. Defendant, however, refused to sign and plaintiff filed a motion for entry of judgment. At the hearing on that motion, defendant unequivocally stated that she did not agree.

Under MCR 3.211(G)(7), "[i]f settlement is reached as a result of the mediation, the terms of that settlement shall be reduced to writing, signed by the parties and their attorneys, and acknowledged by the parties." That written settlement may then be entered as a judgment. There was no signed mediation settlement in this case.

The court rule in question concludes by stating:

> Unless the parties have agreed otherwise and have so informed the mediator, if the *written settlement agreement* has not been delivered to the mediator within 14 days, the mediation shall be deemed to have failed to achieve a settlement, and the mediator shall prepare a report as provided in subrule (G)(8). [Emphasis added.]

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment.

The rule clearly indicates that the settlement agreement will not be effective unless reduced to writing. The language allowing the parties to "agree otherwise" refers to the requirement that the written settlement be delivered to the mediator within fourteen days after the session at which the agreement is reached. The use of the words "written settlement agreement" in the language providing for the exception negates the proposition that the exception applies to the requirement that the terms of the settlement be reduced to writing, signed by the parties and their attorneys and acknowledged by the parties.

Given the plain language of the court rule, see *Stepp v Dep't of Natural Resources,* 157 Mich App 774, 777; 404 NW2d 665 (1987), it was error to treat the document submitted by plaintiff as an agreement between the parties and to enter judgment based on that agreement.

Nor does the record indicate that any agreement was made in open court or that there is any writing signed by defendant or her attorney that could be viewed as an enforceable settlement agreement under MCR 2.507(H). *Metropolitan Life Ins Co v Goolsby,* 165 Mich App 126, 128-129; 418 NW2d 700 (1987). At the hearing on her motion, defendant's counsel denied that defendant had agreed to the settlement and indicated that defendant had understood she could review the written settlement before approving it. Cf. *Thomas v Michigan Mutual Ins Co,* 138 Mich App 117; 358 NW2d 902 (1984).

It does not follow, however, that defendant was entitled to further discovery or to treat the matter as though mediation had not occurred. The rule also clearly specifies that, upon failure of mediation, the mediator shall prepare and submit a

report as provided in subrule (G)(8). That should have been and was not done in this case.[1]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[1] Although defendant's claim of appeal was also from the order denying additional discovery, this issue was not briefed and is therefore abandoned. *Proffitt v Bartolo,* 162 Mich App 35, 59; 412 NW2d 232 (1987).