BRUNET v DECORATIVE ENGINEERING, INC

Docket No. 178683. Submitted November 8, 1995, at Detroit. Decided February 9, 1996, at 9:20 A.M.

Pierre Brunet and Right-Way, Inc., brought an action in the Macomb Circuit Court against Decorative Engineering, Inc., and Paul Mouland, Decorative Engineering's president and sole stockholder, alleging breach of contract and misrepresentation. At the taking of Mouland's deposition, a settlement agreement was placed on the record, to which Mouland, while under oath, indicated his assent. Following the deposition hearing, Mouland disavowed the settlement, claiming that the agreement had been the result of duress, and refused to execute a consent judgment. The plaintiffs moved for enforcement of the settlement and entry of a consent judgment. The defendants opposed the plaintiffs' motion on the basis that, pursuant to MCR 2.507(H), the agreement was not binding because Mouland had denied it and it had not been made in open court or reduced to a writing signed by him or his attorney. The court, John B. Bruff, J., entered a consent judgment, holding that, although the settlement had not been placed on the record in open court or reduced to a signed writing, it was enforceable because Mouland had agreed to its terms at his deposition hearing. The defendants appealed.

The Court of Appeals *held*:

Mouland indicated that he felt that he had been coerced into agreeing to settle at the deposition hearing and thus there was no meeting of the minds. This was a sufficient denial of the purported agreement to satisfy MCR 2.507(H). Because Mouland denied the settlement agreement reached at the deposition hearing and because the purported agreement was not placed on the record in open court or reduced to a writing subscribed by Mouland or his attorney, the purported settlement agreement was not binding. Accordingly, the trial court erred in entering a consent judgment that incorporated the terms of the purported settlement agreement.

Reversed and remanded.

REFERENCES

Am Jur 2d, Stipulations § 2.
See ALR Index under Stipulations.

WHITE, J., dissenting, stated that the consent judgment should be affirmed because, under these circumstances where defendant Mouland consented personally to the terms of the agreement while under oath and there was no showing of duress, the record made before the court reporter at the deposition hearing, later transcribed and submitted to the court, satisfies the requirement of the court rule and is tantamount to a written agreement signed by Mouland.

COMPROMISE AND SETTLEMENT — CONSENT AGREEMENTS — DEPOSITION HEARINGS — COURT RULES.

An agreement by a party with respect to the proceedings in an action that is subsequently denied by that party is not binding unless it was made in open court or in a writing subscribed by the party against whom enforcement of the agreement is sought or by that party's attorney; an oral agreement under oath at a deposition hearing, unless reduced to a writing signed by the party against whom enforcement is sought or the attorney for that person, is not binding if denied by the party against whom enforcement is sought (MCR 2.507[H]).

*Cross Wrock, P.C.* (by *Russ E. Boltz*), for the plaintiffs.

*Joseph E. Mihelich,* for the defendants.

Before: MacKENZIE, P.J., and WHITE and M. W. LaBEAU,* JJ.

MacKENZIE, P.J. Defendants appeal as of right from an opinion and order granting plaintiffs' motion for entry of a consent judgment. We reverse.

The basic facts are undisputed. Plaintiff Brunet (hereinafter plaintiff) is a former sales representative of defendant Decorative Engineering, Inc. Defendant Mouland (hereinafter defendant) is the president and sole shareholder of Decorative Engineering. Plaintiff brought this action for breach of contract and misrepresentation, claiming that he was entitled to certain compensation, including

* Circuit judge, sitting on the Court of Appeals by assignment.

commissions, under the parties' sales representative agreement.

At defendant's deposition, a settlement agreement was placed on the record after defendant, on six occasions, invoked his Fifth Amendment rights during a line of questioning concerning his income taxes and banking practices. Defendant subsequently disavowed the settlement and refused to execute a consent judgment. Plaintiff claimed he was entitled to enforcement of the settlement and successfully moved for entry of a consent judgment.

MCR 2.507(H) provides:

> Agreements to be in Writing. An agreement or consent between the parties or their attorneys respecting the proceedings in an action, subsequently denied by either party, is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney.

In this case, it is undisputed that the settlement agreement plaintiff sought to enforce was not made in open court and was never reduced to a writing subscribed by defendant. Thus, defendant's contention, both in the trial court and on appeal, is that under MCR 2.507(H), the settlement agreement reached during his deposition was not binding. Plaintiff, however, argues, and the trial court held, that the court rule was never triggered in this case because defendant did not and cannot "deny" that the parties reached a settlement agreement.[1] According to the trial court, although

[1] To the extent that the trial court relied on *Michigan Bell Telephone Co v Sfat*, 177 Mich App 506; 442 NW2d 720 (1989), and *Groulx v Carlson*, 176 Mich App 484; 440 NW2d 644 (1989), it was in error. Unlike this case, where the fundamental issue is whether MCR

the settlement was not placed on the record in open court or reduced to a signed writing, it was nevertheless enforceable because defendant agreed to its terms at his deposition.

We disagree with the trial court's analysis. As noted by the trial court, in *Rossi v Transamerica Car Leasing Co,* 138 Mich App 807; 360 NW2d 307 (1984), the panel (M. J. KELLY, P.J., dissenting) held that under the predecessor to MCR 2.507(H), a party who acknowledges the fact that a subsequently disavowed settlement agreement was reached—but was never placed on the record in open court or reduced to writing—cannot "deny" the agreement and therefore cannot rely on the court rule to assert that the agreement is not binding. According to the *Rossi* majority, once a party acknowledges the fact that an out-of-court, oral agreement was reached, that party has admitted its existence and cannot "deny" the fact of an agreement.

*Rossi* clearly supports the trial court's holding in this case. The *Rossi* majority's reasoning, however, was abandoned in *Rossi v Transamerica Car Leasing Co (On Rehearing),* 141 Mich App 403; 368 NW2d 880 (1985). There, a majority adopted Judge KELLY's dissent, which had maintained that "[t]he majority simply writes GCR 1963, 507.9 [the predecessor of MCR 2.507(H)] out of existence." 138 Mich App 812. Under Judge KELLY's analysis in *Rossi,* and the majority's reasoning in *Rossi (On Rehearing),* a party's repudiation of a settlement agreement before it is placed on the record in open court or reduced to a signed writing *is* a "denial" of the agreement for purposes of the court rule

2.507(H) applies to a settlement agreement not placed on the record in open court or reduced to a writing subscribed by defendant, in *Michigan Bell* and *Groulx,* the settlements were placed on the record in "open court" and were found to be binding primarily because of that fact.

when the repudiation is based on a claim that a settlement was never reached because there was no meeting of the minds. See also *Metropolitan Life Ins Co v Goolsby,* 165 Mich App 126; 418 NW2d 700 (1987); *Rivkin v Rivkin,* 181 Mich App 718, 720; 449 NW2d 685 (1989).

Although applying a slightly differently worded court rule, the Texas Supreme Court employed a similar analysis in *Kennedy v Hyde,* 682 SW2d 525 (Tex, 1984). In that case, the parties to a lawsuit met for depositions, but instead became involved in settlement discussions. The discussions led to a settlement agreement that was signed by all the parties except Kennedy. Hyde alleged that although Kennedy refused to sign the settlement documents, he had nonetheless entered into an oral contract of settlement. Kennedy denied entering into a settlement agreement and argued that any alleged agreement was unenforceable under Rule 11 of the Texas Rules of Civil Procedure, which provided: "No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." The trial court and the Texas Court of Appeals concluded that the parties had entered into an oral agreement and that Rule 11 did not bar the enforcement of that agreement. The Texas Supreme Court reversed, stating:

> The court of appeals in the instant case attempts to avoid application of Rule 11 by making a fine distinction, stating that "the purpose of rule 11 is to authorize rendition of agreed judgments." As we understand the opinion, an agreement in compliance with Rule 11 would authorize an agreed judgment on the merits of the underlying suit. An agreement in violation of Rule 11 would

support the same result in the same suit. The sole distinction would be that in the latter case, the judgment would recite that it was based on breach of the contract to settle the suit, rather than incorporating the terms of the contract to settle the suit.

Given this interpretation, no "agreement between attorneys or parties touching any suit pending" need comply with Rule 11. For example, since any stipulation could be characterized as a contract, any stipulation failing to comply with Rule 11 could nonetheless be enforced as a contract.

This court will not eviscerate Rule 11. . . .

*  *  *

. . . Rule 11 is a minimum requirement for enforcement of all agreements concerning pending suits, including, but not limited to, agreed judgments. . . . The clear language of the rule indicates, and this court holds, that compliance with Rule 11 is a general prerequisite for any judgment enforcing an agreement touching a pending suit. [682 SW2d 528-529 (citations omitted).]

Like the Texas court rule, MCR 2.507(H) does not make binding *any* agreement or contract between the parties respecting the proceedings. Rather, it specifically states that such agreements or contracts are *not* binding unless made in open court or reduced to writing and signed by the party against whom the agreement is offered.

MCR 2.507(H) has been characterized as "essentially a court rule version of a statute of frauds governing legal proceedings." 3 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), p 125. As noted by the commentators: "Legal proceedings are of sufficient importance to require that written proofs be furnished in support of a claim by one party that the other party has entered into certain agreements, made certain concessions, etc. with respect to those proceedings."

*Id.* Thus, just as an oral agreement for the sale of real property, for example, is unenforceable under MCL 566.108; MSA 26.908 even though that agreement may meet the technical requirements of a contract, an oral settlement agreement in a lawsuit is also unenforceable under MCR 2.507(H) unless it is reduced to a signed writing or made in open court.

In this case, as in *Rossi* and *Rossi (On Rehearing),* defendant disavowed the settlement reached during his deposition, claiming that there was no meeting of the minds. Specifically, it was defendant's contention that he felt coerced into agreeing to settle out of fear that he was being threatened with possible criminal prosecution involving his income tax and banking practices if he did not agree to settle at that time. This was a sufficient "denial" of the purported agreement for purposes of the court rule. See *Goolsby, supra.* Because defendant denied the settlement agreement reached at his deposition, and because the purported agreement was never placed on the record in open court or reduced to a writing subscribed by defendant, under MCR 2.507(H) it was not binding. *Id.* Accordingly, the trial court erred in ordering the entry of a consent judgment reflecting its terms.

Reversed and remanded for further proceedings. We retain no further jurisdiction.

M. W. LaBeau, J., concurred.

White, J. *(dissenting).* I respectfully dissent. Defendant was represented by counsel at the deposition. The terms of the settlement were placed on the record made through the court reporter and

reduced to writing in the form of a transcript, the accuracy of which defendant does not challenge. Under oath, defendant stated his understanding of, and consent to, the terms of the settlement agreement. Defendant further stated that he understood that he did not have to accept the agreement, that he was forgoing a trial by judge or jury by accepting the agreement, and that he wanted the court to approve the settlement. Several days later, defendant discharged his attorney and sought to disavow the agreement. He did not challenge the terms of the settlement or that he had agreed to it at the time of the deposition. Rather, he asserted that his agreement was procured by duress. The circuit court held a hearing and found no duress. Under these circumstances, the circuit court did not err in concluding that MCR 2.507(H) did not preclude enforcement of the settlement.

*Rossi v Transamerica Car Leasing Co,* 138 Mich App 807; 360 NW2d 307 (1984), *On Rehearing,* 141 Mich App 403; 368 NW2d 880 (1985), involved an oral agreement of settlement arrived at through oral negotiations of the attorneys. The plaintiffs consistently denied the existence of an agreement on the ground that there was no meeting of the minds regarding the terms. *Rossi (On Rehearing),* 141 Mich App 404. The instant case is distinguishable. Here, defendant, under oath before a court reporter, personally expressed his understanding and satisfaction. I conclude the record made before the court reporter, including the terms of the settlement and defendant's agreement under oath, later transcribed and submitted to the court, satisfies the requirements of MCR 2.507(H) and is tantamount to a written agreement subscribed by defendant.

I would affirm.