## MICHIGAN MUTUAL INSURANCE COMPANY v
## INDIANA INSURANCE COMPANY

Docket No. 215570. Submitted March 6, 2001, at Detroit. Decided September 14, 2001, at 9:15 A.M. Leave to appeal sought.

Michigan Mutual Insurance Company, as subrogee of Spartan Asphalt Paving Company, and Spartan Asphalt Paving Company brought an action in the Wayne Circuit Court against Indiana Insurance Company, seeking to enforce an alleged settlement agreement. In 1984, Spartan was the contractor for a road construction project for the Michigan Department of Transportation (MDOT) at which there was an automobile accident. An action was commenced on behalf of a person injured in that accident against MDOT and Spartan. MDOT settled with the plaintiff in that case for $825,000, of which the defendant, as MDOT's insurer, paid its policy limits of $500,000 and MDOT paid the remaining $325,000. MDOT then brought a suit against Spartan for indemnity and contribution and was granted summary disposition with respect to that claim. During the pendency of the appeal of that judgment, adjusters for Michigan Mutual and the defendant had telephone conversations concerning a settlement of the indemnity judgment. During the course of these discussions, the defendant's adjuster forgot about the payment made by the MDOT over and above the policy limit paid by the defendant and, ultimately agreed to settle for $450,000. The defendant's adjuster recorded that agreement in his activity log with the notation: "6-5-95 Settled for $450." The plaintiffs then commenced their action to enforce the alleged settlement contract. The court, Paul S. Teranes, J., denied the parties' respective pretrial motions for summary disposition and respective motions for a directed verdict. The jury found that the adjusters' conversations formed a contract, that the defendant had breached that contract, and that the plaintiffs had suffered substantial damages. The court denied the defendant's motion for judgment notwithstanding the verdict or a new trial and entered a judgment on the jury's verdict. The defendant appealed.

The Court of Appeals *held*:

1. The agreement forming the foundation of the plaintiffs' claim is clearly an agreement to settle a pending lawsuit. Although such an agreement is governed by the legal principles applicable to the

construction and interpretation of contracts, it is only enforceable if the agreement satisfies the requirements of MCR 2.507(H).

2. MCR 2.507(H) provides that an agreement to settle a pending lawsuit made between the parties or their attorneys where the agreement is subsequently denied by either party is binding only if the agreement was made in open court or there is evidence of the agreement in a writing that was subscribed by the party against whom the agreement is offered or that party's attorney.

3. The defendant's assertion that the conversations between the adjusters were not enforceable because the MDOT did not consent to the agreement is equivalent to a denial for the purpose of MCR 2.507(H). Accordingly, it is necessary to consider whether the agreement satisfies the other requirements of that court rule.

4. Because the settlement offer and acceptance were not made in open court, the agreement would be enforceable if there was a writing signed by the defendant or its attorney. The brief notation in the adjustor's activity log does not constitute a signed writing for the purpose of MCR 2.507(H).

Reversed and remanded.

1. CONTRACTS — SETTLEMENT AGREEMENTS — COURT RULES — DENIAL OF AGREEMENT.

The assertion by an insurer that a settlement agreement is not enforceable because the insured did not consent to the settlement constitutes a denial of the settlement agreement for the purpose of the court rule governing the enforcement of an agreement to settle a pending lawsuit (MCR 2.507[H]).

2. CONTRACTS — SETTLEMENT AGREEMENTS — COURT RULES — SUBSCRIBED WRITING.

A brief notation in an insurance adjuster's activity log that an agreement has been reached to settle a pending lawsuit does not constitute an agreement in writing subscribed by a party of an agreement or that party's attorney for the purpose of the court rule governing the enforcement of an agreement to settle a pending lawsuit (MCR 2.507[H]).

*Harvey Kruse, P.C.* (by *James Sukkar* and *Christopher W. Ward*), for the plaintiffs.

*Cardelli Hebert, P.C.* (by *Deborah A. Hebert*), for the defendant.

Before: MARKEY, P.J., and JANSEN and ZAHRA, JJ.

MARKEY, P.J. Defendant Indiana Insurance Company[1] appeals by right the trial court's order of judgment entered after a jury trial in this action to enforce a settlement agreement and the order denying its motion for judgment notwithstanding the verdict (JNOV) or a new trial.

This case has a long history that began with a 1984 automobile accident that occurred in an area of road construction. The guardian of the victim of that accident subsequently brought suit against the Michigan Department of Transportation (MDOT) and its contractor on that construction job, Spartan Asphalt Paving. Both MDOT and Spartan settled their cases with the victim's guardian.

MDOT settled its case for $825,000. MDOT's insurance carrier, Indiana Insurance Company, paid its policy limit of $500,000, and MDOT paid the additional $325,000. MDOT then brought suit against Spartan for indemnity and contribution. The lower court in the indemnity case granted summary disposition in favor of MDOT. This Court affirmed that decision,[2] and our Supreme Court denied leave to appeal.[3]

After this Court affirmed the lower court's decision, Spartan and its insurance carrier, Michigan Mutual Insurance Company, brought this suit against defendant, claiming that the two insurance companies had a settlement agreement in the amount of $450,000 and

---

[1] Defendant Keith Rospond was voluntarily dismissed from the case at trial and is not involved in this appeal. Therefore, the term "defendant" will refer only to the Indiana Insurance Company.

[2] *Dep't of Transportation v Spartan Asphalt Paving Co*, unpublished opinion per curiam of the Court of Appeals, issued December 28, 1995 (Docket No. 166266).

[3] *Dep't of Transportation v Spartan Asphalt Paving Co*, 453 Mich 895; 554 NW2d 313 (1996).

that plaintiffs' payment should be limited to that amount instead of the full $825,000 plus interest. The agreement was based on telephone conversations between adjusters from both insurance companies. Those conversations took place after summary disposition had been granted to MDOT regarding indemnity, but before this Court heard that case on appeal. During the course of the adjusters' discussions, defendant's adjuster forgot about MDOT's payment over and above the $500,000 policy limit that defendant paid. After numerous conversations discussing possible settlement amounts, the adjusters agreed on $450,000. Defendant's adjuster recorded that agreement with this notation in his activity log: "6-5-95 Settled for $450."

Following this Court's decision in the indemnity suit, plaintiffs brought this action against defendant in an effort to recover amounts paid in excess of the $450,000 settlement amount. The parties moved for summary disposition before and after discovery, and all motions were denied. The parties' motions for a directed verdict also were denied. A jury found that the adjusters' conversations formed a contract, defendant breached that contract, and plaintiffs sustained damages in the amount of $720,960. Subsequently, defendant moved for JNOV or a new trial, and the circuit court denied that motion. Defendant now appeals.

Defendant argues that this case involves an agreement to settle; therefore, it must comply with MCR 2.507(H) to be enforceable. We agree. Interpretation of a court rule is subject to review de novo on appeal. *St George Greek Orthodox Church of Southgate,*

*Michigan v Laupmanis Associates, PC,* 204 Mich App 278, 282; 514 NW2d 516 (1994).
    MCR 2.507(H) provides as follows:

An agreement or consent between the parties or their attorneys respecting the proceedings in an action, subsequently denied by either party, is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney.

MCR 2.507(H) has been characterized as

"essentially a court rule version of a statute of frauds governing legal proceedings." 3 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), p 125. As noted by the commentators: "Legal proceedings are of sufficient importance to require that written proofs be furnished in support of a claim by one party that the other party has entered into certain agreements, made certain concessions, etc. with respect to those proceedings." *Id.* Thus, just as an oral agreement for the sale of real property, for example, is unenforceable under MCL 566.108; MSA 26.908 even though that agreement may meet the technical requirements of a contract, an oral settlement agreement in a lawsuit is also unenforceable under MCR 2.507(H) unless it is reduced to a signed writing or made in open court. [*Brunet v Decorative Engineering, Inc,* 215 Mich App 430, 435-436; 546 NW2d 641 (1996).]

In addition to the court rule, case law holds that "[a]n agreement to settle a pending lawsuit is a contract and is to be governed by the legal principles applicable to the construction and interpretation of contracts." *Walbridge Aldinger Co v Walcon Corp,* 207 Mich App 566, 571; 525 NW2d 489 (1994). However, this Court will not enforce a settlement agreement that fulfills the requirements of contract principles if

that agreement does not also satisfy the requirements of the court rule. *Metropolitan Life Ins Co v Goolsby,* 165 Mich App 126, 128-129; 418 NW2d 700 (1987).

In *Goolsby, supra* at 128, this Court had "no difficulty accepting the trial court's factual conclusion that appellees made an offer which appellant . . . authorized her attorney to accept and which was accepted by her attorney." This Court concluded, however, that despite the agreement, the court rule was controlling, and the agreement was unenforceable because it was not made in open court or in writing. *Id.* at 128-129. Similarly, in this case, even though the jury determined according to contract principles that the parties entered into a contract, because the contract was for the settlement of pending litigation, it must also meet the requirements of MCR 2.507(H).

Plaintiffs also argue that MCR 2.507(H) requires that defendant deny the agreement for it to fail and that defendant here never denied that the parties had reached a settlement agreement. We disagree.

Because MCR 2.507(H) does not define "denied," we may consult a dictionary for guidance. *Richards v McNamee,* 240 Mich App 444, 451; 613 NW2d 366 (2000). As it relates to law, a "denial" is the "refusal to acknowledge the validity of a claim, suit, or the like . . . ." *Random House Webster's Unabridged Dictionary* (1998). In this case, even though defendant acknowledges the conversations between the adjusters, it argues that those conversations are not enforceable because MDOT did not consent to the agreement, i.e., to give up its right to recoup its disproportionate payment of the settlement. We find that defendant's claim of invalidity is equivalent to a

denial. Therefore, we must examine whether the other requirements of the court rule were met.

In the present case, the settlement offer and acceptance were not made in open court. Therefore, to be enforceable, there must be a writing subscribed to by defendant or its attorney. Previously, this Court has found that a letter signed by a party's attorney satisfied the writing requirement of this rule. *Walbridge, supra.* Additionally, this Court has found that a copy of a proposed agreement signed by the party then claiming that there were conditions precedent met the requirements of MCR 2.507(H). *Reed v Citizens Ins Co of America,* 198 Mich App 443, 447-448; 499 NW2d 22 (1993).

The writing in the present case consisted of a few-word notation in the activity log of defendant's adjuster. This terse notation is distinguishable from both an attorney-signed letter and a party-signed proposal. We conclude that the writing in this case does not rise to a level sufficient to satisfy the writing requirement of MCR 2.507(H). Therefore, this agreement is unenforceable.

In light of our disposition of the above issue, defendant's remaining issue need not be discussed.

We reverse and remand for entry of a judgment in favor of defendant. We do not retain jurisdiction.