# STATE OF MICHIGAN

# COURT OF APPEALS

ST. PAUL OF THE CROSS PASSIONIST
RETREAT CENTER, INC.,

UNPUBLISHED
January 15, 2015

Plaintiff-Appellee,

v

No. 318325
Wayne Circuit Court
LC No. 12-000744-CE

SBA TOWERS III, LLC,

Defendant-Appellant.

Before: DONOFRIO, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

Defendant, SBA Towers III, LLC ("SBA"), appeals as of right the order and judgment enforcing the existence of a settlement agreement regarding the grant of a cell tower easement, with plaintiff, St. Paul of the Cross Passionist Retreat Center, Inc. ("St. Paul") and requiring payment of $90,000. For the reasons set forth below, we affirm.

Because a settlement agreement is construed as a contract, its interpretation presents a question of law that this Court reviews de novo. *MacInnes v MacInnes*, 260 Mich App 280, 283; 677 NW2d 889 (2004). "We review for clear error the findings of fact underlying the circuit judge's determination whether a valid contract was formed." *46th Circuit Trial Court v Crawford Co*, 476 Mich 131, 140; 719 NW2d 553 (2006). "A finding is 'clearly erroneous' if, the reviewing court, on the whole record, is left with the definite and firm conviction that a mistake has been made." *Id.* (quotation marks omitted). This Court reviews a trial court's decision to enforce a settlement agreement for an abuse of discretion. *Groulx v Carlson*, 176 Mich App 484, 493; 440 NW2d 644 (1989). "[A]n abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006) (quotation marks omitted). "When the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for the reviewing court to defer to the trial court's judgment." *Id.* (quotation marks omitted). This Court also reviews de novo whether the statute of frauds renders a contract unenforceable. *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 458; 733 NW2d 766 (2006).

SBA asserts that the trial court erred in finding the existence of an enforceable contract or settlement agreement. While SBA does not challenge the authority of counsel to enter into a

-1-

binding agreement, it contends that there was not a meeting of the minds as demonstrated by the ongoing negotiations and the absence of a finalized writing containing all of the material terms or a record of the agreement made in open court. SBA further contends that the alleged settlement agreement violates the statute of frauds.

It is well established that "in the practical realities of civil litigation, the vast majority of cases must be and are in fact settled. Wise judicial policy favors settlement between the parties." *Putney v Haskins*, 414 Mich 181, 189; 324 NW2d 729 (1982). An agreement to settle a pending lawsuit is construed as a contract and is required to comply with the rules of contract construction and interpretation. *Kloian*, 273 Mich App at 452. In order to constitute a valid contract, there must be (1) an offer, (2) an acceptance, and (3) mutual assent on all essential terms. *Id.* at 452-453. "An offer is defined as the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Id.* at 453 (quotation marks omitted). "[A]n acceptance sufficient to create a contract arises where the individual to whom an offer is extended manifests an intent to be bound by the offer, and all legal consequences flowing from the offer, through voluntarily undertaking some unequivocal act sufficient for that purpose." *Id.* at 453-454 (citation omitted). The essential terms of an agreement are required to be sufficiently definite or certain and to encompass the identities of the parties, an adequate description of the property involved and the consideration to be provided. See *Bushman v Faltis*, 184 Mich 172, 179; 150 NW 848 (1915); *Zurcher v Herveat*, 238 Mich App 267, 290-291; 605 NW2d 329 (1999). In turn, "[a] meeting of the minds is judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind." *Kloian*, 273 Mich App at 454 (quotation marks omitted).

The starting point for analysis is whether the parties did reach a settlement agreement or establish a contract. The record supports the existence of an agreement premised on the October 31, 2012, e-mails exchanged by the attorneys. SBA's attorney, on this date, indicated it was authorized to "settle the matter" for $90,000 consideration paid to St. Paul in exchange for the grant of an easement on its property. Details of the agreement were specified by SBA's counsel, including the size of the easement and its location. St. Paul's counsel responded by agreeing to the stated terms but also seeking additional information regarding the updating of equipment. Subsequently, in the exchange of additional correspondence, counsel for the parties proceeded with plans, indicating concurrence on major or essential terms based on the marking of the easement route and its acceptance by St. Paul along with ongoing representations by SBA's counsel that "the case is settled," thereby obviating the need to attend scheduled court proceedings. Representations regarding the agreement of the parties continued into February 2013, when SBA's attorney again authored correspondence to St. Paul's counsel reiterating the terms and documents "related to the settlement of the referenced matter." Perhaps most indicative of the agreement of the parties is the stipulated order approved by counsel with regard to both "substance and form," and entered by the trial court, averring "[t]he parties have reached an agreement on material terms in order to settle this case."

The parties do not dispute that their counsel had the authority to engage in negotiations and to settle the lawsuit on their respective behalves. See *Kloian*, 273 Mich App at 453. "A contract is made when both parties have executed or accepted it, and not before." *Kamalnath v Mercy Mem Hosp Corp*, 194 Mich App 543, 549; 487 NW2d 499 (1992). In this instance,

-2-

several writings exchanged between counsel affirmatively attest to the existence of an agreement on the material terms sufficient to establish a contract subject to enforcement. "[O]nce a settlement agreement is reached a party cannot disavow it merely because he has had a 'change of heart.'" *Metro Life Ins Co v Goolsby*, 165 Mich App 126, 128; 418 NW2d 700 (1987).

SBA decries the existence of a valid contract citing to the failure of the parties to have worked out all of the necessary terms and conditions to be implemented, such as the final language of the easement granted to DTE. The existence of details yet to be finalized, pertaining to the implementation of a contract or settlement agreement, is neither unusual nor fatal. "Courts do not favor the destruction of contracts because of indefiniteness, and hold that uncertainty may be removed by subsequent acts, conduct, declarations, or agreements of the parties." *Waites v Miller*, 244 Mich 267, 272; 221 NW 171 (1928). In this instance, SBA and St. Paul had reached agreement on the essential terms: (a) amount to be paid in exchange for dismissal of claims and the grant of an easement, (b) the grant of an easement to SBA and DTE, (c) the easement's location, size, and method of access, and (d) the primary responsibilities of each party regarding implementation of the easement. While some details remained concerning the precise language of the document establishing the DTE easement and attribution of economic responsibility for any damages incurred in the work to be performed by DTE in placing the power cables in the easement, all of the essential terms had been addressed and agreed upon. Although a valid contract requires a meeting of the minds on essential terms, *Kamalnath*, 194 Mich App at 548, it is permissible for a court to supply details of performance if the parties define the essential terms, *Nichols v Seaks*, 296 Mich 154, 159; 295 NW 596 (1941). Specifically, a meeting of the minds existed on the essential terms, which were comprised of the agreement by SBA to pay $90,000 in exchange for a dismissal of the lawsuit and the grant of an easement by St. Paul. The written exchanges and acts of counsel were consistent and sufficient to establish the existence of a contract between the parties. See *Kloian*, 273 Mich App at 454.

Even if a valid contract is found to exist, having met all of the necessary elements, to be binding, an agreement to settle pending litigation must also meet the requirements of the statute of frauds, MCL 566.106, and the requirements of MCR 2.507(F). *Mich Mut Ins Co v Indiana Ins Co*, 247 Mich App 480, 484-485; 637 NW2d 232 (2001). Specifically, MCR 2.507(F) and its earlier iterations have been characterized as "a court rule version of a statute of frauds governing legal proceedings," *Brunet v Decorative Engineering, Inc*, 215 Mich App 430, 435; 546 NW2d 641 (1996), and provides that

> [a]n agreement or consent between the parties or their attorneys respecting the proceedings in an action is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney.

A statute of frauds is recognized to "exist[] for the purpose of preventing fraud or the opportunity for fraud, and not as an instrumentality to be used in the aid of fraud or prevention of justice." *Kloian*, 273 Mich App at 456-457 (quotation marks omitted).

The parties do not contend that their agreement was made in "open court," but rather, was derived from writings exchanged by their respective counsel, who were authorized to negotiate and bind the parties. In accordance with MCR 2.507(F) and MCL 566.106, this comprises an

acceptable way to effectuate a binding agreement. The only other criteria indicated by the court rule, is that the writings be "subscribed by the party against whom the agreement is offered or by that party's attorney." MCR 2.507(F). As previously recognized by this Court, the term "subscribed" is not the same as the term "signed." *Kloian*, 273 Mich App at 459. However, the typing or appending by a party or attorney of their name at the conclusion of an e-mail is sufficient to meet the subscription requirement of MCR 2.507(F). *Id.* A review of the respective e-mails and correspondence demonstrates that this criteria has been met, thus evidencing the required compliance with MCR 2.507(F).

Finally, SBA's assertion that the trial court only enforced half of the agreement is disingenuous. While the trial court did order SBA to fulfill its monetary obligation to St. Paul it also granted the easement to SBA. Counsel for the parties, in the exchange of various written communications, sufficiently detailed the scope, location and uses of the easement rendering SBA's assertion meritless. In addition, the contention that a key condition of the agreement, regarding the urgency of settlement, was unmet is also without merit. Although SBA did, in its e-mail offer, indicate that the "settlement shall not be delayed by either party," it did not specify that time was of the essence or provide a date for full and final performance. Any urgency suggested appears to relate to the preferences of the parties to reduce the potential expenditure of attorney fees and to not unnecessarily prolong the matter by requiring additional court appearances. As such, the timeframe for completion of the agreement did not comprise an essential or material term of the contract. See *In re Day Estate*, 70 Mich App 242, 246; 245 NW2d 582 (1976) ("The general rule is that time is not to be regarded as of the essence of a contract unless made so by express provision of the parties or by the nature of the contract itself or by circumstances under which it was executed."). Although SBA indicated it would draft preliminary documents pertaining to the agreement and easement, the record suggests that it did not do so promptly, leading to St. Paul's counsel developing and forwarding documents for SBA's approval. Additional delays occurred due to the involvement of a third party, DTE. Thus, any delays are, at least in part, attributable to SBA. "A party, who, having a right to property, sees another dealing with it inconsistent with that right and stands by without making objection while such acts are in progress, may not subsequently complain." *McLaughlin v McLaughlin, Ward & Co*, 277 Mich 419, 426-427; 269 NW 218 (1936) (quotation marks omitted). SBA has also failed to demonstrate or establish an issue of fact that any delays incurred were unreasonable and sufficient to constitute a breach of contract.

Affirmed. St. Paul, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Pat M. Donofrio
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens

-4-